UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 25-3059

———————————

UNITED STATES OF AMERICA,                                    Appellant,

v.

JOHN SULLIVAN,                                                Appellee.

## Unopposed Motion of United States to Suspend Briefing Schedule

Appellee, the United States of America, respectfully moves this Court to suspend the briefing schedule in the above-captioned appeal. Appellant Sullivan's opening brief was due to be filed on September 17, 2025, although appellant's counsel has informed us that he filed a motion (which the government did not oppose) seeking to extend that deadline by 30 days.[1] Counsel for appellant has informed us that he does not

———————————

[1] That motion does not yet appear in this Court's electronic docket; Sullivan's counsel informed us that there has been a problem with filings in the PACER system.

oppose this request. The Court has not yet scheduled oral argument in this or any potentially related case.

This case appears to have been the first of seven appeals (of which the government is aware) in which former defendants whose convictions were vacated while their direct appeals were still pending, sought and were denied reimbursement for funds forfeited or paid pursuant to those convictions.[2] The government ultimately supported the defendant's request in each of those cases in the district court. In this case, the government has determined that it will file a brief in support of Sullivan's position, rather than defend the ruling of the district court. The government accordingly filed, on August 25, 2025, a letter informing this Court of its intention, and suggesting that the Court consider appointing an amicus curiae to defend the ruling of the district court.

---

[2] Those other cases are *United States v. Hector Vargas Santos*, No. 25-3074; *United States v. Stacy W. Hager*, No. 25-3076; *United States v. Bruno J. Cua*, No. 25-3078; *United States v. Derek Kinnison*, No. 25-3093; *United States v. Cynthia Ballenger & Christopher Price*, No. 25-3080; and *United States v. Andrew Zabavsky*, No. 25-3083. The government is moving to stay the briefing schedules in the other four cases not currently in abeyance, namely *Vargas Santos*, *Hager*, *Kinnison*, and *Cua*; *Ballenger* and *Zabavsky* are currently being held in abeyance by this Court, and there is a pending motion by Zabavsky to withdraw his appeal (which had not been acted on by the Court as of today's date).

Although none of the Federal Rules of Appellate Procedure, or this Court's local rules specifically addresses the timing of a government brief on behalf of the appellant where the government is the nominal appellee, we assume that the deadline provided in Fed. R. App. P. 29(a)(6) applicable to amicus briefs would be appropriate. The government's brief in support of Sullivan would thus be due seven days after the filing of Sullivan's opening brief, which under the current briefing schedule would be September 24, 2025.

As noted supra, however, there are at least six other appeals of which we are aware, in which former defendants also challenge the district court's denials of their motions for reimbursement. The government currently is reviewing each of those cases, to determine whether it will continue to support the defendant's position; file a brief in support of that defendant's position; or defend the district court's ruling. That process, which includes review by the Department of Justice' Criminal Appellate Division and the Office of the Solicitor General in addition to the United States Attorney's Office, may take several weeks to complete due to the number of cases involved.

Until that review is concluded and the Solicitor General makes a final determination in each case, we believe that it would be premature for the government to file its brief in Sullivan's case. Should the government decide to take a similar position in one or more of those other cases, the government may move to consolidate all such cases and file one consolidated brief given the substantial overlap in legal and factual issues between them. Moreover, this Court, for the same reason, may decide to appoint one amicus curiae to defend the district court's rulings in those cases.

The government accordingly requests that this Court stay the briefing schedule in this case, until the government has made a final determination as to how it will proceed in the other six cases. Should the Court grant this motion, the government will promptly notify the Court once it has made that determination.

## CONCLUSION

WHEREFORE, the government respectfully requests that its unopposed motion to stay the briefing schedule be granted.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
NICHOLAS P. COLEMAN
D.C. Bar #460109
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Nicholas.Coleman@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 708 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
NICHOLAS P. COLEMAN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Steven R. Kiersh, Esq., on this 22nd day of September, 2025.

/s/
NICHOLAS P. COLEMAN
Assistant United States Attorney