

U.S. Department of Justice

Jeanine Ferris Pirro
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D Street, NW*
*Washington, D.C. 20530*

October 10, 2025

Clifton Cislak, Clerk
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue, N.W., Room 5423
Washington, D.C. 20001-2866

      Re:   *United States v. Hector Emmanuel Vargas Santos*, No. 25-3074
            *United States v. Stacy Wade Hager*, No. 25-3076
            *United States v. Bruno Joseph Cua*, No. 25-3078
            *United States v. Cynthia Ballenger & Christopher Price*, No. 25-3080
            *United States v. Derek Kinnison*, No. 25-3093
            Oral argument not yet scheduled

Dear Mr. Cislak:

      The purpose of this letter is to notify the Court that the Solicitor General has determined that, as in *United States v. John Sullivan*, No. 25-3059, the government will not defend the district court's decisions in these cases. Each of these appeals involves the denial of the defendant's motion to recover funds he or she was ordered to pay as part of a sentence for convictions that were later vacated while still on direct appeal, after the defendant was pardoned. The government ultimately did not oppose the defendants' motions to recover funds in the district court. The district

court denied each defendant's motion, and each defendant timely appealed.[1]

The government moved to suspend the briefing schedules in each of these cases on September 22, 2025. Mr. Vargas Santos already had filed his corrected opening brief on September 19, 2025, and the government's responsive brief ordinarily would have been due on Monday, October 20, 2025. The opening brief for Mr. Hager was due on October 3, 2025, and the brief for Mr. Kinnison is currently due on October 22, 2025; the government's responsive briefs ordinarily would be due 30 days thereafter. No briefing schedule has yet been set by the Court in Mr. Cua's case. The case of Ms. Ballenger and Mr. Price is currently being held in abeyance pending the resolution of their joint motion to reconsider before the district court.

In its brief in each of these cases, the government will not be defending the district court's ruling. Instead, as in *Sullivan*,[2] the government will be urging this Court to reverse. Under the circumstances, the Court may wish to invite an amicus curiae to file a brief in these cases to defend the rationale of the district court's decisions. The Court has done so on past occasions involving analogous circumstances. *See United States v. Thorpe*, 148 F.4th 768, 772 (D.C. Cir. 2025); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 740 (D.C. Cir. 2016); *United States v. Ammidown*, 497 F.2d 615, 618 (D.C. Cir. 1973).

---

[1] There is an additional case before this Court involving similar issues, *United States v. Andrew Zabavsky*, No. 25-3083, but Mr. Zabavsky filed a notice of withdrawal of his appeal on September 3, 2025. The Court has not yet acted on that notice.

[2] The government filed a letter advising the Court of its position (and suggesting that the Court consider appointing an amicus curiae) in *Sullivan* on August 25, 2025.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
NICHOLAS P. COLEMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530

cc (via CM/ECF):

Nandan Kenkeremath, Esq.
*Counsel for Hector Emmanuel Vargas Santos, Cynthia Ballenger, and Christopher Price*

Katherine Marie Hurrelbrink, Esq.
Federal Defenders of San Diego, Inc.
*Counsel for Stacy W. Hager*

A.J. Kramer, Esq.
Federal Public Defender
*Counsel for Bruna J. Cua*

Rohit Rajan, Esq.
Federal Public Defender, Las Vegas, Nevada
*Counsel for Derek Kinnison*

Steven R. Kiersh, Esq.
skiersh@aol.com
*Counsel for John Sullivan*