UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Appellee | ) | |
| | ) | |
| v. | ) | No. 25-3059 |
| | ) | |
| JOHN EARLE SULLIVAN | ) | Consolidated with: |
| | ) | 25-3074, 25-3076, |
| Appellant | ) | 25-3078, 25-3093 |
| | ) | |

## JOINT PROPOSED BRIEFING SCHEDULE

In response to this Court's order filed November 25, 2025, counsel for Appellants Sullivan, Hager, Cua, and Kinnison, the government, and court-appointed amicus curiae respectfully request the following proposed scheduling order in this case:

a. Consolidated opening brief for Appellants Sullivan, Hager, Cua, and Kinnison: 13,000-word limit, due March 2, 2026.

b. Government's opening brief: 13,000-word limit, due March 2, 2026.

c. Opening brief for Appellant Vargas: 13,000-word limit, which is the corrected opening brief filed on September 19, 2025 (Case #

25-3074; Doc. No. 2135866) supported by an appendix filed the same day. (Case # 25-3074; Doc. No. 213589).

d. Consolidated response brief for court-appointed amicus curiae: 13,000-word limit, due May 1, 2026.

e. Consolidated reply brief for Appellants Sullivan, Hager, Cua, and Kinnison: 6,500-word limit, due June 1, 2026.

f. Government's reply brief in support of appellants: 6,500-word limit, due June 1, 2026.

g. Reply brief for Appellant Vargas: 6,500-word limit, due June 1, 2026.

Although the Court expressed a preference for "a joint brief of aligned parties," counsel respectfully request separate briefs for the government and Appellant Vargas. The government maintains that its approach to the issues may diverge from appellants even though it supports the same result. And the government's confidentiality rules restrict the ability of government counsel to share draft briefs with appellants' counsel. The Court has previously allowed the government and defendants to file separate briefs on appeal even where they support the same result. *See, e.g., United States v. Fokker Servs. B.V.*,

2

Nos. 15-3016, 15-3017 (D.C. Cir., May 5, 2015); *United States v. Monzel*, No. 11-3008, Order (D.C. Cir., Jan. 26, 2011).

Counsel for Appellant Vargas requests separate briefing given that Vargas, unlike the other appellants, already filed an opening brief before the Court consolidated these cases. A more detailed justification from Vargas's counsel for this separate briefing request is included as an addendum. Vargas also requests that the Court confirm that the order granting that Vargas need not file paper copies (Case # 25-3074; Doc. No. 2134670) granted on September 12, 2025, continues with respect to the consolidated proceeding.

Counsel for the other appellants, the government, and court-appointed amicus curiae do not object to each of Vargas's requests. Should the Court adopt the above-proposed schedule, counsel for amicus will address all parties' arguments in a single response brief.

Dated December 15, 2025.

Respectfully submitted,

*/s/ Rohit Rajan*
Rohit Rajan
Assistant Federal Public Defender
Federal Public Defender, District of Nevada
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101

3

(702) 388-6577

*Counsel for Derek Kinnison*

*/s/ Rosanna Taormina*
Rosanna Taormina
Assistant Federal Public Defender
Office of the Federal Public Defender for the
District of Columbia
625 Indiana Ave. NW, Suite 550
Washington, DC 20004
(202) 208-7500

*Counsel for Bruno Cua*

*/s/ Katherine Hurrelbrink*
Katherine Hurrelbrink
Appellate Attorney
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92102
(619) 234-8467

*Counsel for Stacy Hager*

*/s/ Steven Kiersh*
Steven Kiersh
Law Office of Steven R. Kiersh
5335 Wisconsin Ave., NW, Suite 440
Washington, DC 20015
(202) 347-0200

*Counsel for John Sullivan*

*/s/ Nandan Kenkeremath*
Nandan Kenkeremath
Law Office of Nandan Kenkeremath
2707 Fairview Ct.
Alexandria, VA 22311
(703) 407-9407

*Counsel for Hector Vargas Santos*

*/s/ Nicholas P. Coleman*
Nicholas P. Coleman
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, DC 20530
(202) 252-6829

*Counsel for Plaintiff-Appellee*

*/s/ Catherine Stetson*
Catherine Stetson
Hogan Lovells US LLP
Columbia Square
555 13th Street, NW
Washington, DC 20004
(202) 637-5491

*Court-Appointed Amicus Curiae*

**Addendum – Proposed Briefing Approach by Counsel for Vargas Given the Court's Order of Consolidation**

**A.    The Court Should Confirm the Already Filed Vargas Brief Is His Appellant Opening Brief and Provide the Parallel Right of Independent Reply Required Under FRAP 28(c)**

The Court's Order of November 25, 2025 (Case # 25-3059; Doc. No. 2147175) derails Vargas from his single-appellant track nearly two months after he properly filed his opening brief. The corrected opening brief filed on September 19, 2025 (Case # 25-3074; Doc. No. 2135866) stands as the Vargas opening brief in this appeal. The corrected opening brief is supported by an appendix filed the same day. (Case # 25-3074; Doc. No. 213589). Federal Rule of Appellate Procedure (FRAP) 3(b) provides authority for the Court to consolidate cases but not to remove or diminish the status of a brief properly filed under FRAP 28(a). Neither the United States nor the Court has identified an example in which a court, after accepting a properly filed opening brief, reduces that party's word limit or forces that party into a consolidated brief.

The October 10, 2025 United States' Motion to Consolidate (USCA Case No. 25-3074, Doc. No. 2139851) did not request that the Court change the status of, displace, or in any way limit the relevance or

6

application of Vargas's properly filed opening brief. The Government noted that Vargas "has already filed his opening brief" and pointed to "remaining appellants" as those who would be able to file a joint brief. *Id.* at 7.

Against that backdrop, the language in the Court's Order requiring a "detailed" justification for any request to file separate briefs would incorrectly shift the burden as applied to Vargas. The burden is not on Vargas to maintain the ordinary operation of FRAP 28(a), (b), and (c) after his properly filed brief under FRAP 28(a). The United States and *amicus* should be directed to address that brief, in addition to any other appellant brief filed in the consolidated case. Vargas should maintain the ordinary right of independent reply under FRAP 28(c) rather than having to negotiate a joint reply.

Further, if oral argument is granted, Vargas should have a reasonable opportunity to elaborate on his opening and reply briefs and to address questions and attacks to those briefs at oral argument.

Vargas noted in his Opposition that the new briefs will have different captions and descriptions of parties.  Vargas would update captions and descriptions in his reply brief.  Vargas does not know

7

what, if anything, needs to occur with respect to appendix references to the current Vargas brief and the appendix already filed and cited for that brief. One approach may be to consider the current appendix as the Vargas Appendix and the new appendix material as a supplemental appendix.

**B.    Vargas Reserves that the Court's Order Granting the Government Motion to Derail the Vargas Single Party Appeal Track After Vargas Filed His Opening Brief Is Error on Multiple Grounds**

Vargas reserves his position that the Court is in error to shift from the Vargas single-party track and delay resolution for many months based on the perceived actions or schedule of other appellants. Further grounds may ensue as the record proceeds. Among other arguments in opposition, Vargas argued the heightened legal standards under *Landis v. North American Co.*, 299 U.S. 248 (1936) and its progeny, greatly restrict circumstances for stays or delays that tether one party's case to another's. The Court offered no direct statement that either distinguishes *Landis* or shows how the Court's order complies with the *Landis* standard. Further, neither the government nor the Court provided reasoning to justify disregarding the plain meaning of "motion

of the parties" as described in the D.C. Circuit Handbook of Practice & Internal Procedures (2025 ed.). This was not a standard consolidation request among willing parties. Vargas reserves and objects to the Court's order based on his prior Opposition and any other applicable grounds.