# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 25-3059** | **September Term, 2025** |
| | 1:21-cr-00047-RDM-1 |
| | 1:21-cr-00078-RCL-1 |
| | 1:21-cr-00107-RDM-1 |
| | 1:21-cr-00381-TSC-1 |
| | 1:21-cr-00392-RCL-5 |
| | **Filed On:** December 22, 2025 |

United States of America,

    Appellee

    v.

John Earle Sullivan,

    Appellant

------------------------------

Consolidated with 25-3074, 25-3076, 25-3078, 25-3093

    **BEFORE:**    Rao, Walker, and Childs, Circuit Judges

### O R D E R

Upon consideration of the joint proposed briefing schedule, it is

**ORDERED** that appellant Hector Vargas Santos' request to stand on his corrected opening brief and appendix filed on September 19, 2025 be granted. The following briefing format and schedule will apply for the remainder of briefing in these consolidated cases:

| | |
|---|---|
| Opening Brief(s) of United States, John Earle Sullivan, Stacy Wade Hager, Bruno Cua, and Derek Kinnison (not to exceed 13,000 words, to be split between up to two briefs) | March 2, 2026 |
| Supplemental Appendix of United States, John Earle Sullivan, Stacy Wade Hager, Bruno Cua, and Derek Kinnison | March 2, 2026 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

| | |
|---|---|
| **No. 25-3059** | **September Term, 2025** |

| | |
|---|---|
| Response Brief of Amicus Curiae<br>(not to exceed 13,000 words) | May 1, 2026 |
| Reply Brief(s) of United States and<br>All Appellants<br>(not to exceed 6,500 words, to be split<br>between up to two briefs) | June 1, 2026 |

The court's September 12, 2025 order granting Vargas Santos' motion to suspend the requirement for filing and serving paper copies of his brief and appendix remains in effect.

The parties will be informed later of the date of oral argument and the composition of the merits panel.

Appellants and the United States should raise all issues and arguments in the opening briefs. The court ordinarily will not consider issues and arguments raised for the first time in the reply briefs.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43-44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. <u>See</u> Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. <u>See</u> D.C. Cir. Rule 28(a)(8).

### **Per Curiam**

                         **FOR THE COURT:**
                         Clifton B. Cislak, Clerk

BY:   /s/
        Emily Campbell
        Deputy Clerk