# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 25-3059

Consolidated with 25-3074, 25-3076, 25-3078, 25-3093

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN EARLE SULLIVAN, et al.,
*Defendants-Appellants.*

_____

## MOTION OF APPELLANT HECTOR VARGAS SANTOS FOR LEAVE TO FILE SIMULTANEOUSLY LODGED SUPPLEMENTAL REPLY BRIEF AND TO DISPENSE WITH PAPER COPIES

_____

Pursuant to Federal Rules of Appellate Procedure 27 and 28(c), and this Court's inherent authority to manage its docket and briefing, Appellant Hector Vargas Santos respectfully moves for leave to file the simultaneously lodged supplemental reply brief, which contains 2,334 countable words and is below the 2,400-word limit requested in this motion. Alternatively, should the Court determine that a different word limit is appropriate, Vargas respectfully requests leave to file a revised supplemental reply brief conforming to the word limit specified by the Court.

1

The simultaneously lodged supplemental reply brief is in addition to the fewer than 900 reply words attributable to Vargas in the consolidated appellants' reply brief. The lodged supplemental reply brief does not present any fundamentally new claim. Rather, it seeks to provide Vargas a meaningful opportunity to perform the traditional functions of a reply brief that the approximately 900-word allocation previously available to Vargas did not permit, notwithstanding his good-faith participation under the Court's briefing order.

Counsel for the other Appellants, Appellee United States, and court-appointed Amicus Curiae were consulted, including by providing them substantially final versions of this motion and the simultaneously lodged supplemental reply brief. Counsel on behalf of remaining Appellants besides Vargas, Counsel for Appellee United States and court-appointed Amicus Curiae responded. Each advised that they defer to the Court on the motion. This deferral on the motion for leave to file does not constitute agreement or disagreement with the contents of the simultaneously lodged supplemental reply brief.

If the Court grants leave to file the simultaneously lodged supplemental reply brief, Vargas respectfully requests that the Court also dispense with any requirement to file paper copies of that supplemental reply brief. Vargas's original unopposed motion requested suspension of the paper-copy requirements for briefs

and appendices in this appeal. The Court thereafter ordered that "the motion be granted," while describing the relief as suspension of the requirement for filing and serving paper copies of "the brief and appendix." See Case No. 25-3074, Doc. 2133546; Doc. 2134670. The subsequent scheduling order likewise states that the September 12, 2025 order granting Vargas Santos' motion to suspend paper copies of his brief and appendix remains in effect. Doc. 2151520.

## I.    Background

### A. Opening Brief and Subsequent Consolidation over Objection

Mr. Vargas filed a complete, corrected opening brief of approximately 13,000 words on September 19, 2025, on his own appellate litigation track, before any consolidation motion was filed. On October 10, 2025, the government moved to consolidate, representing that the already-filed Vargas opening brief could serve as Vargas's opening brief in the consolidated appeal. Further, other appellants could file a separate consolidated brief separately, and appellee would file one consolidated brief "supporting the legal claim of appellants to reimbursement." Mot. to Consolidate at 7, Doc. 2139851.  Mr. Vargas opposed the motion to consolidate on a number of grounds. This Court granted the government motion over his objection.

### B.  The Joint Proposed Scheduling Order Preserved Vargas's Request for an Independent Reply

On December 15, 2025, all parties — the joint appellants, the government, and the court-appointed amicus curiae — at the request of the Court, filed a joint proposed briefing schedule that included separate independent reply briefs for Vargas, other appellants, and appellee with a full 6,500-word limit each. Doc. 2150403. The joint proposal also afforded Appellee an independent reply brief in addition to its principal brief.

### C. The Court Instead Required Vargas, Other Appellants and the Appellee to Share a Total 6,500 Word Pool for Reply

On December 22, 2025, the Court issued a scheduling order that did not adopt the joint proposal as to Vargas's reply. Doc. 2151520.   The scheduling order did adopt the reply for Appellee. Instead of granting Vargas an independent reply brief with 6,500 words as every party had proposed, the Court ordered: "Reply Brief(s) of United States and All Appellants (not to exceed 6,500 words, to be split between up to two briefs)."

### D. Vargas Ultimately Ended Up with A 900-Word Allocation for Reply

The government used a 2,000-word allocation from the pool. The view of the other appellants was if there was no agreement on text, the other appellants should get an allocation reflecting that they were representing four appellants and Vargas was one. Vargas disagrees with the other appellants' allocation theory but was not going to address this Court so late in the process. Further, Vargas supports the need of other appellants for substantial words on reply. Vargas instead participated in

good faith to file a consolidated reply brief identifying the authors of separate theories. The net result is government 2,000, other appellants 3,600, and Vargas 900. Vargas proceeded under that allocation in good faith rather than seeking relief from the Court during a short-window in the briefing process following the amicus brief. Further, Vargas was able to review the reply briefs to better ensure non-duplication.

### E. The Government Position on Jurisdiction Following Consolidation Strains the Limited Pool for Vargas

Vargas challenges a specific judicial action: the district court's denial of his motion in district court.  Vargas believes the government's primary argument since consolidation is that the district court lacked jurisdiction to adjudicate – arguing no case or controversy. If accepted, that argument necessarily means that the district court could not properly grant the Vargas motion. The government's principal theory therefore supplies an alternative legal basis upon which the district court should deny the judicial relief sought by Vargas. Put differently, Vargas does not seek merely the absence of judicial interference. Vargas seeks reversal of the district court's order denying his motion and a judicial directive facilitating implementation of the D.C. Circuit's vacatur. Vargas hoped that the government reply brief might narrow or modify its jurisdictional position in the reply. It did not.

This development strained the limited allocation available to Vargas in two respects. First, Vargas should devote a significant portion of his reply allocation to responding to the government's jurisdictional theory because, if accepted, it would defeat the judicial relief Vargas seeks. Second, the party advancing that jurisdictional theory drew from the same limited reply-word allocation available to Vargas.

## II. Reasons Supporting the Simultaneously Lodged Supplemental Reply Brief

### A. The Simultaneously Lodged Supplemental Reply Brief Allows Vargas to More Meaningfully Perform the Traditional Functions of a Reply Brief

The simultaneously lodged supplemental reply brief does not present any fundamentally new claim.  Rather, it performs the traditional functions of a reply brief by applying and contrasting the Vargas analytical framework to later-filed arguments, addressing intervening authority, and explaining the operation and consequences of the Vargas decision rules.

A reply brief serves not merely to identify disagreement. It applies the appellant's governing analytical framework to later-filed arguments, explains why competing analytical approaches fail to engage that framework, addresses intervening authority, clarifies relationships among authorities discussed in subsequent briefing, and identifies omissions that materially affect resolution of the

appeal. Those are the limited functions of the simultaneously lodged supplemental reply brief.

The simultaneously lodged supplemental reply brief principally performs the following functions:

1. applies and contrasts the Vargas framework to the government's jurisdictional theory concerning Article III adversity and ancillary jurisdiction;

2. applies and contrasts the Vargas framework to the amicus brief, including the operation of the mandate rule, the scope and legal consequences of vacatur, and the distinction between entitlement and implementation;

3. addresses the significance of *United States v. Ballenger*, decided after Vargas filed his opening brief;

4. explains the relationship among authorities already discussed in the briefing, including *Wilson*, *Nelson*, and *Ballenger*; and

5. applies and contrasts the Vargas framework with the government's and amicus's later-filed analytical approaches.

The simultaneously lodged supplemental reply brief therefore does not seek to multiply issues. Rather, it explains how application of the Vargas framework and

its governing decision rules substantially narrows or resolves many of the issues raised in the government's and amicus's later-filed briefs.

### B. The Simultaneously Lodged Supplemental Reply Brief Is Not Duplicative

Because the Vargas opening brief preceded all subsequent merits briefing, Vargas had virtually no practical opportunity to reduce duplication within the appellate record. To the extent duplication exists in the record, it results from the subsequent course of briefing rather than from the short 900-word Vargas section of reply. Indeed, in that section Vargas cross-references other briefs to save space and avoid duplication. Later-filed briefs necessarily determined whether previously presented authorities or arguments from the Vargas opening brief would be incorporated, cross-referenced, distinguished, or repeated. The simultaneously lodged supplemental reply brief seeks to apply the Vargas analytical framework to filings subsequently lodged after the Vargas original brief.

### C. The Simultaneously Lodged Supplemental Reply Brief Addresses Matters Not Otherwise Developed

Neither the government, other appellants, nor amicus materially apply the Vargas analytical framework to the principal arguments advanced in the later briefing. The government and other appellants provide no meaningful references to the Vargas opening brief legal arguments. Importantly, the later briefs did not

materially engage central components of the Vargas analytical framework including direct discussion of ancillary jurisdiction or direct discussion of the mandate rule.

The simultaneously lodged supplemental brief performs that traditional reply function by applying and contrasting the Vargas framework with the later-filed analytical approaches of other parties. Vargas filed *Ballenger* as supplemental authority when it came out, but reply is the first opportunity to meaningfully discuss the case in relationship to the arguments of other parties.

### D.  The Requested Relief Is Modest and Harms No Party

The simultaneously lodged supplemental brief contains no more than 2,400 countable words. It is narrowly focused and performs the traditional functions of a reply brief that the approximately 900 words in the consolidated reply did not reasonably permit after his good-faith participation under the Court's briefing order.

### E.  The Simultaneously Lodged Supplemental Reply Brief Will Assist the Court

Granting leave will assist the Court because the supplemental reply explains how the Vargas analytical framework applies to arguments first advanced by the government and amicus. Rather than requiring the Court to infer those applications

from abbreviated references in the consolidated reply, the supplemental filing identifies the governing decision rules, applies them to the later-filed arguments, distinguishes competing analytical approaches, and explains why those approaches produce different legal results.

The supplemental reply also addresses matters not fully developed elsewhere in the briefing. Vargas elaborates on the operational principles governing ancillary jurisdiction and explains the interaction between the scope of vacatur and the mandate rule. It further explains how those decision rules bear on equitable arguments and the respective duties of the government and the courts once entitlement has been established. By organizing these issues within a single analytical framework, the supplemental reply will assist the Court in evaluating the competing theories presented in the consolidated appeal.

Accordingly, Vargas respectfully requests leave to file the simultaneously lodged supplemental reply brief. Alternatively, should the Court determine that a different word limit is appropriate, Vargas respectfully requests leave to file a revised supplemental reply brief conforming to the word limit specified by the Court.

Respectfully submitted,

/s/ Nandan Kenkeremath

Nandan Kenkeremath
2707 Fairview Court
Alexandria, Virginia 22311
(703) 407-9407

*Counsel for Appellant Hector Vargas Santos*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2), in that it contains 1,873 countable words as counted by the word-processing system used to prepare the brief (Microsoft Word), and that it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

/s/ Nandan Kenkeremath
Nandan Kenkeremath
*Counsel for Appellant Hector Vargas Santos*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on July 6, 2026. I certify that all parties to this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


/s/ Nandan Kenkeremath
Nandan Kenkeremath
*Counsel for Appellant Hector Vargas Santos*