UNIVERSITY of VIRGINIA
SCHOOL of LAW

Catherine E. Stetson
Assistant Professor of Law, General Faculty
Co-Instructor, Appellate Litigation Clinic

**BY CM/ECF**

Mark J. Langer, Clerk
United States Court of Appeals
for the District of Columbia Circuit
United States Courthouse, Room 5205
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: *United States v. Sullivan*, No. 25-3059 (argued Oct. 19, 2026)**

Dear Mr. Langer:

At oral argument, responding to a question regarding defendants' continued interest in attacking their convictions, Amicus offered firearm disability as an example of a consequence of conviction a pardon would not remove. Amicus writes now to clarify this statement.

Consequences are not removed by a pardon if they do not constitute punishment for the pardoned conviction. For example, higher sentences may be imposed upon subsequent convictions, *see* U.S. Sent'g Guidelines Manual, application note 10 to § 4A1.2 (U.S. Sent'g Comm'n 2026); *Carlesi v. People of the State of New York*, 233 U.S. 51, 57 (1914), and pardoned conduct may still result in disqualification from positions of responsibility if such disqualification is "grounded in protection of the public rather than in punishing . . . a convicted felon[,]" *Hirschberg v. Commodity Futures Trading Comm'n*, 414 F.3d 679, 682 (7th Cir. 2005); *see also* 31 Op. Att'y Gen. 225, 230 (1918) (pardon would not affect statute aimed at prescribing qualifications for a naval officer, not imposing punishment). The policy behind felon disarmament reflects the same nonpunitive concern: protecting the public from those removed from "the category of law-abiding and responsible" citizens through felonious conduct. *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019) (internal quotation omitted).

Congress sometimes gives pardons a broader effect through statute. A pardon removes 18 U.S.C. § 922(g)(1)'s firearm disability because Congress specifically

directed that any conviction "for which a person has been pardoned . . . shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20). Similarly, an alien may not be deported pursuant to pardoned convictions for certain offenses under 8 U.S.C.A. § 1227(a)(2)(A)(vi), but they may be denied admission, because the inadmissibility statute "does not have a pardon provision like section 1227 does." *Balogun v. U.S. Atty. Gen.*, 425 F.3d 1356, 1362 (11th Cir. 2005); *see also United States v. Benton*, 98 F.4th 1119, 1129 (D.C. Cir. 2024) ("[n]othing in Rule 404(b)'s text" indicates a pardon affected a conviction's admissibility).

Defendants thus retain a concrete interest in attacking their convictions to remove continuing consequences.

Respectfully submitted,

Catherine E. Stetson

*Appointed Counsel for Amicus Curiae*

cc: All counsel of record (via CM/ECF)

580 Massie Road, Charlottesville, VA 22903-1738 | **P** 240-515-4609 | **E** cate.stetson@law.virginia.edu
**www.law.virginia.edu**